**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ARLEY DANIEL RODRIGUEZ GOMEZ** | **CIVIL DOCKET NO. 3:26-cv-04631** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WARDEN, JACKSON PARISH CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE THOMAS P. LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a MOTION TO EXPEDITE CONSIDERATION OF HABEAS PETITION, MOTION FOR PROMPT CUSTODY & REMOVAL STATUS REPORT AND MOTION FOR TEMPORARY STAY OF REMOVAL [DOC. 2], filed by pro se petitioner Arley Daniel Rodriguez Gomez on November 2, 2026. Gomez is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") and is currently detained at the Jackson Parish Correctional Center in Jonesboro, Louisiana.

Gomez was ordered removed by an immigration judge on December 9, 2022, but was never deported. *See* doc. 1, p. 6. He remained in the United States and on October 16, 2026, he was re-detained by ICE in order to effectuate his removal order. *Id.* On November 2, 2026, he filed a PETITION FOR WRIT OF HABEAS CORPUS [DOC. 1] pursuant to 28 U.S.C. § 2241, challenging his detention under the removal order. Contemporaneously with the filing of the Petition, he filed the instant motion seeking expedited consideration of his Petition and a stay of his removal, "to the extent a lawful and independent basis" for this relief is appropriate [Doc. 2].

Petitioner's request for expedited consideration of his Petitioner is DENIED. The Court is addressing this petition and all others pending before it as quickly as its docket permits, consistent with the priority afforded habeas proceedings and the liberty and other important interests at stake. Additional relief would require circumstances clearly distinguishing this matter from others pending before the Court. At this point, Petitioner has not identified such circumstances.

Petitioner's request for a stay pending consideration of his Petition is also DENIED, as "[f]ederal courts lack jurisdiction over 'claims connected directly and immediately with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Imran v. Harper*, No. 25-30370, 2026 U.S. App. LEXIS 819, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)); *see also* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders under [Chapter 12]."). "A request for stay of removal is a challenge to a removal order." *Imran v. Harper*, 2026 U.S. App. LEXIS 819, at *2 (upholding the district court's ruling that it lacked jurisdiction to stay removal despite the petitioner's argument that "his request for a stay of removal 'simply sought to preserve the status quo so the court can address his detention related claim, without interfering or reversing the underlying removal order.'").

THUS, DONE AND SIGNED in chambers on this 4th day of November 2026.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE